FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

2013 NOV 12 P 4: 35

CLERK US DISTRICT COURT
RICHMOND, VIRGINIA

| | |
|---|---|
| TEMPUS JETS, INC., f/k/a EXECUTIVE SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> ALLIANZ GLOBAL RISKS US INSURANCE COMPANY, <br> **Serve**: CT Corporation System <br> 4701 Cox Road, Suite 285 <br> Glen Allen, VA 23060 <br><br> FIREFLY FINANCIAL LIMITED, successor in interest to EXECUTIVE JET GROUP LIMITED, <br> **Serve**: c/o Edward E. Bagnell, Jr., Esq. <br> 411 E. Franklin Street, Suite 600 <br> Richmond, VA 23219 <br><br> JET SUPPORT SERVICES, LTD, <br> **Serve**: c/o Edward E. Bagnell, Jr., Esq. <br> 411 E. Franklin Street, Suite 600 <br> Richmond, VA 23219 <br><br> and <br><br> N618WF INC., <br> **Serve**: Office of the Secretary of the Commonwealth <br> 1111 East Broad Street <br> Richmond, VA 23219 <br><br> Defendants. | Civil Action No. 3:13CV755 |

## COMPLAINT

Tempus Jets, Inc., f/k/a Executive Services, Inc. ("Tempus Jets"), by counsel, states as follows for its Complaint against Allianz Global Risks US Insurance Company ("Allianz"),

Firefly Financial Limited, successor in interest to Executive Jet Group Limited ("Firefly"), Jet Support Services, Ltd ("Jet Support Services") and N618WF Inc.:

## Nature of the Case

1. This is an action for breach of contract and declaratory judgment arising from the breach of an Aviation Broad Coverage Insurance Policy (the "Policy") issued by Allianz. Tempus Jets is the named insured under the Policy and Firefly is an additional insured under the Policy.

2. Tempus Jets seeks a determination that Allianz breached the terms of the Policy by refusing to acknowledge coverage for a covered ingestion event, as well as a declaration that insurance coverage exists under the Policy for physical engine damage resulting from a covered ingestion event due to foreign object damage.

## The Parties

3. Tempus Jets is a company incorporated under the laws of the state of Kansas, with its principal place of business in the Commonwealth of Virginia.

4. Allianz is a company incorporated under the laws of the state of Illinois, with its principal place of business in the state of California.

5. Firefly is a company formed under the laws of the British Virgin Islands, with an office in the Isle of Man, United Kingdom.

6. Jet Support Services is a company formed under the laws of the British Virgin Islands, with an office in the Isle of Man, United Kingdom.

7. N618WF Inc. is a company incorporated under the laws of the state of Delaware, with its principal place of business in the state of Delaware.

### Jurisdiction and Venue

8.  This action is brought pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.* This Court has jurisdiction over this matter under 28 U.S.C. § 1332, as the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different states.

9.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) on the grounds that the Policy was issued to an entity with its principal place of business in the Eastern District of Virginia, and, thus, a substantial part of the events giving rise to this claim for coverage occurred in the Eastern District of Virginia. Moreover, all named defendants are subject to personal jurisdiction within the United States District Court for the Eastern District of Virginia, Richmond Division.

### Factual Background

#### A. The Aircraft Lease between Firefly and Tempus Jets.

10. On or about February 11, 2010, Executive Services, Inc. entered into an Aircraft Lease Agreement (the "Lease") with Executive Jet Group Limited. Under the terms of the Lease, Executive Services, Inc. agreed to lease a 1999 Bombardier Global Express fixed wing, multi-engine aircraft, Model BD-700-1A10, Serial Number 9005, Registration Number N618WF (the "Aircraft"). Executive Services, Inc. agreed to lease the Aircraft from Executive Jet Group Limited for a period of twenty (20) months, with a provision that the lease period could be extended. A true and accurate copy of the Lease is attached hereto as **Exhibit A**.

11. The Aircraft has two Rolls-Royce manufactured engines, both Model BR710-A2-10, with engine serial numbers ("ESN") of 12111 and 12112 respectively (hereinafter, "engine ESN 12111" and "engine ESN 12112").

12. On or about May 19, 2010, Executive Services, Inc. changed its business entity name to Tempus Jets. A true and accurate copy of the Office of the Kansas Secretary of State's notice regarding the name change amendment from Executive Services, Inc. to Tempus Jets is attached hereto as **Exhibit B**.

13. On or about January 20, 2011, Executive Jet Group Limited and Tempus Jets agreed to substitute Firefly in place of Executive Jet Group Limited by way of novation as the lessor of the Aircraft under the Lease. In accordance with the novation agreement, Firefly was substituted in place of Executive Jet Group Limited as the lessor of the Aircraft and counterparty to Tempus Jets in relation to the Lease. A true and accurate copy of the Novation Agreement executed by Executive Jet Group Limited, Firefly and Tempus Jets is attached hereto as **Exhibit C**.

14. The lessor of the Aircraft is Firefly. Firefly is a company organized under the laws of the British Virgin Islands, with an office in the Isle of Man, United Kingdom. In accordance with Federal Aviation Administration ("FAA") regulations requiring that the registered owner of an aircraft in the United States be a United States citizen or United States held entity controlled by a United States citizen, the registered owner of the Aircraft listed in the FAA Registry is N618WF Inc. A true and accurate copy of the online FAA Registration for the Aircraft showing the registered owner as N618WF Inc. is attached hereto as **Exhibit D**.

15. The Lease provides that Tempus Jets shall be in operational control of the Aircraft at all times, and that Tempus Jets is responsible for the Aircraft's operation, possession and use.

16. Upon information and belief, Firefly has a contractual relationship with Jet Support Services to manage Firefly's maintenance obligations under the Lease. The individual at Jet Support Services with the primary responsibility for overseeing Firefly's maintenance of

the Aircraft is Robert A. Slack ("Slack"). Upon information and belief, Slack is the general manager of Jet Support Services and a consultant of Firefly.

**B.   The Aviation Broad Coverage Insurance Policy Issued by Allianz.**

17.   The Policy provides both ground and in-flight physical damage coverage for the Aircraft. The Aircraft has been covered by the Policy since the Lease was executed, and coverage by Allianz continued without interruption, as the Policy was annually renewed by Tempus Jets until September 19, 2012. Although the exact date of the physical damage ingestion event is uncertain, performance indicators on the Aircraft indicated a problem with engine ESN 12111 in early August 2011 – which would fall within the coverage period of the Policy effective from August 21, 2010 until August 21, 2011 (No. A3GA000431610AM). A true and accurate copy of the Policy effective from August 21, 2010 until August 21, 2011 is attached hereto as **Exhibit E**. However, the Policy in place effective from August 21, 2011 until September 19, 2012 (No. A3GA000431611AM) is the Policy upon which Allianz has refused to acknowledge coverage. A true and accurate copy of the Policy effective from August 21, 2011 until September 19, 2012 is attached hereto as **Exhibit F.**

18.   Pursuant to Coverage 13 of Part 3 of the Policy, Allianz explicitly agreed to pay, minus any applicable deductible, for physical damage to the Aircraft resulting from ingestion, including any physical damage to the turbine engines caused by foreign object damage ("FOD"). Coverage 13 of Part 3 states that:

> The Company will pay (minus any applicable deductible) for **Physical Damage** to a **Scheduled Aircraft** including **ingestion** and also including disappearance or theft thereof that happens during the policy period and results in no recovery of the **Scheduled Aircraft** for thirty (30) days. Furthermore, if an unexpected event causes a **Scheduled Aircraft** to make a landing at a location from which it cannot safely depart, and regardless of whether the **Scheduled Aircraft** sustains **Physical Damage**, the Company will pay the reasonable costs of transporting the

**Scheduled Aircraft** and its occupants to the nearest appropriate airport. (emphasis in original).

19. An ingestion event includes any physical damage to the Aircraft's turbine engines caused by FOD. Part 6 of the Policy entitled "Policy Definitions" provides that:

"**Ingestion**" means **Physical Damage** to turbine engines or turbine auxiliary power units, if they are included within the definition of **Aircraft**, caused by objects or substances that are not or were not part of the engine or its accessories, as shown in the manufacturer's parts list for the engine, which damage is the result of a single incident that requires (or would require if its severity were known at the time) immediate repair before further use. (emphasis in original).

20. Part 6 of the Policy entitled "Policy Definitions" further provides that:

"**Physical Damage**" means accidental, direct physical loss of or damage to **Scheduled Aircraft**, **Spare Engines**, or **Spare Parts** during the policy period, but it does not include the loss of use or any residual depreciation in value either before or after any repairs have been made. (emphasis in original).

21. Part 6 of the Policy entitled "Policy Definitions" further provides that:

"**Aircraft**" means any **Scheduled Aircraft** and any other aircraft for which insurance is provided under this policy. The definition includes the aircraft's propulsion system as well as all parts and equipment that are installed in or on the aircraft. Parts that are temporarily removed are, even if replaced, also included in the definition. Also included in the definition are tools and repair equipment standard for and normally carried on the aircraft. (emphasis in original).

22. Part 6 of the Policy entitled "Policy Definitions" further provides that:

"**Scheduled Aircraft**" means any aircraft listed under **Coverage 1** of **Part 1** of the **Declarations** – for **Scheduled Aircraft** in the Declarations or any aircraft covered under **Coverage 21 – Automatic Insurance for Newly Acquired Aircraft**. (emphasis in original).

23. The Aircraft is covered under the terms of the Policy. Coverage 13 of Part 3 of the Policy's Declarations entitled "Physical Damage Coverage and Limits" explicitly provides that:

Coverage 13: Physical Damage to Scheduled Aircraft

| Reg. Number | Make & Model | Year Built | Seats Crew./Pass. | Insured Value | Deductibles Not In-Motion | Deductibles In-Motion/ Ingestion |
|---|---|---|---|---|---|---|
| N618WF | Bombardier Global Express | 1999 | 3/12 | 41,800,000 | $ NIL | $ NIL |

24. Pursuant to Coverage 13 of Part 3 of the Policy, Allianz is obligated to pay for any physical damage to the Aircraft's turbine engines caused by a FOD ingestion event, or any physical damage caused by FOD.

C. **Physical Damage to BR710-A2-10 Engine ESN 12111 resulting from FOD.**

25. In August 2011, various performance indicators on engine ESN 12111 began to indicate a problem with the engine, including that the performance of engine ESN 12111 was diminishing at a significantly faster rate than engine ESN 12112 – the second engine on the Aircraft. As a result of subsequent inspections and maintenance performed by Tempus Jets, the bleed valve in engine ESN 12111 was replaced twice within a thirty (30) day time period. During this time, there were no significant problems or performance issues with the second engine on the Aircraft, engine ESN 12112.

26. On September 16, 2011, Tempus Jets performed a borescope inspection on engine ESN 12111. Tempus Jets performed the inspection both to investigate any issues related to the bleed valve and to prepare the Aircraft for the peak air charter season. The engine displayed significant erosion migration at a rate well beyond what would be considered "normal."

27. In October 2011, due to extensive damage discovered as a result of the borescope inspection, the engine ESN 12111 was inducted by Jet Support Services to the Rolls-Royce plc ("Rolls-Royce") facility in East Kilbride, Glasgow, Scotland for an inspection and repairs. Rolls-Royce was the original equipment manufacturer of engines ESN 12111 and ESN 12112 on the Aircraft.

28. During the inspection performed by Rolls-Royce on engine ESN 12111, evidence of a FOD ingestion event was apparent. The borescope images and measurements confirmed that the engine was no longer in operable condition. Rolls-Royce found clear evidence of FOD within engine ESN 12111 including: high pressure compressor ("HPC") impact damage on the blades and vanes, punctured acoustic liner of the air inlet and damage to a vane on the Intermediate Casing. Rolls-Royce's determination that engine ESN 12111 suffered a FOD ingestion event is outlined in its Engine Shop Visit Report dated March 9, 2012, and subsequent Engine Shop Visit Report dated April 18, 2012. True and accurate copies of Rolls-Royce's Engine Shop Visit Report dated March 9, 2012 and subsequent Engine Shop Visit Report dated April 18, 2012 are attached hereto as **Exhibit G and H**.

29. Both the Rolls-Royce Engine Shop Visit Reports, and a subsequent letter from Rolls-Royce dated July 3, 2012 state that the majority of HPC blades from the fifth stage onwards were found to be undersized in tip length, and that heavy rubbing of the blades with the abradable liner must have taken place. Rolls-Royce further concluded that the amount of undersized blades and vanes found in engine ESN 12111 was above expectations for an engine of such running time. This strongly suggested that engine ESN 12111 may have experienced a "hard manoeuvre" during its service life. Rolls-Royce further concluded that a large FOD ingestion event would account for the physical damage suffered by engine ESN 12111. A true and accurate copy of Rolls-Royce's separate letter on the FOD damage dated July 3, 2012 (the "July 3, 2012 Letter") is attached hereto as **Exhibit I**.

30. Based on the statements made by Rolls-Royce in its Engine Shop Visit Reports and subsequent July 3, 2012 Letter, Rolls-Royce concluded that a FOD event was responsible for the damage discovered on engine ESN 12111 during the inspection initiated in October 2011.

31. Rolls-Royce performed the necessary repairs to engine ESN 12111 due to the damage caused by the covered ingestion event and resulting FOD damage.

**D.    Allianz' Failure to Provide Coverage under the Policy.**

32. Tempus Jets and Firefly have filed a claim under the Policy for the costs associated with the repair and/or replacement of engine ESN 12111 due to the ingestion event and resulting FOD damage to the Aircraft. Upon information and belief, Allianz has assigned Claim File No. GA019531M to the claim associated with the physical damage suffered to engine ESN 12111.

33. The costs associated with the repair and/or replacement of engine ESN 12111 as a consequence of FOD amount to $2,750,440.74. Additionally, Tempus Jets has incurred costs and expenses associated with the removal of engine ESN 12111, the installation of a loaner engine and rental of a loaner engine for the Aircraft from October 2011 through June 2012.

34. As a result of the ingestion event and resulting FOD damage to the Aircraft, Tempus Jets has incurred total costs and expenses in an amount to be determined at trial, but not less than $3,321,643.34.

35. Despite overwhelming evidence that the physical damage to engine ESN 12111 on the Aircraft was caused by FOD, Allianz refused to acknowledge coverage under the Policy for the repair and/or replacement of engine ESN 12111. Allianz communicated its position regarding the lack of coverage to Jet Support Services by email. However, Allianz has not provided any written notification regarding coverage directly to Tempus Jets. A true and accurate copy of the November 13, 2012 email from W. Timothy McSwain, Allianz Chief Claims Officer Aviation/Americas, to Slack stating that the damage to engine ESN 12111 is not covered under the provisions of the Policy is attached hereto as **Exhibit J**.

36. Upon information and belief, Allianz has based its coverage assessment on Policy No. A3GA000431611AM effective from August 21, 2011 to September 19, 2012.

37. The Policy covers physical damage to the Aircraft's engines caused by FOD and/or the ingestion of a foreign object. Moreover, such an ingestion event caused by FOD meets the definition of a covered event under the terms of the Policy.

38. Subsequent to the filing of Claim No. GA019531M for the physical damage suffered to engine ESN 12111, Allianz contracted with an aircraft engine reconstruction specialist, AERS, LLC, of whom James F. Irvin ("Irvin") is the President, to investigate the cause of the engine removal. Although Irvin participated in a meeting with representatives of Rolls-Royce at their facility in Scotland on August 15, 2013, Irvin failed to issue a report of his findings until October 16, 2013.

39. Despite numerous attempts by Tempus Jets to resolve its claim for insurance coverage under the Policy, Allianz has refused to acknowledge coverage for the costs of repairing and/or replacing the physical damage to engine ESN 12111 caused by a covered ingestion event and resulting FOD damage. A true and accurate copy of the letter from Tempus Jets to Allianz dated October 8, 2013 demanding coverage under the Policy is attached hereto as **Exhibit K**.

40. An actual case and controversy has arisen and now exists related to the rights, duties and obligations of the parties pursuant to the Policy.

## COUNT ONE - BREACH OF CONTRACT
## (AGAINST ALLIANZ)

41. Tempus Jets restates and incorporates all of the foregoing paragraphs herein.

42. Allianz has failed to honor the contractual terms of the Policy covering the Aircraft, including, but not limited to, Coverage 13 of Part 3 covering any physical damage to the Aircraft caused by an engine ingestion event.

43. Coverage exists under Coverage 13, Part 3 of the Policy for physical damage to the Aircraft's engine caused by an ingestion event.

44. The physical damage requiring the repair and/or replacement of engine ESN 12111 in October 2011 was caused by FOD.

45. Tempus Jets and Firefly have complied with all obligations under the Policy.

46. Allianz has refused to acknowledge the claim submitted by Tempus Jets and Firefly for insurance coverage under the Policy for the costs of repairing and replacing engine ESN 12111, and has otherwise failed to pay Tempus Jets for the losses it sustained and for which coverage exists under the Policy.

47. Allianz has breached the terms of the Policy by refusing to acknowledge coverage for the costs of repairing engine ESN 12111, and by failing to compensate Tempus Jets for the costs of repairing engine ESN 12111.

48. Allianz has refused to honor Coverage 13 of Part 3 of Policy, which provides insurance coverage for physical damage to the Aircraft caused by an ingestion event, including physical damage to an engine caused by the ingestion of a foreign object.

49. As a result of Allianz' breach of the Policy, Tempus Jets has suffered monetary damages in an amount to be determined at trial, but not less than $3,321,643.34, plus pre-judgment and post-judgment interest, which includes the total amount of costs associated with the repair and/or replacement of each damaged section of engine ESN 12111 caused by the covered ingestion event.

## COUNT TWO – DECLARATORY JUDGMENT (AGAINST ALL DEFENDANTS)

50. Tempus Jets restates and incorporates all of the foregoing paragraphs herein.

51. Allianz has failed to honor the contractual terms of the Policy covering the Aircraft, including, but not limited to, Coverage 13 of Part 3 covering any physical damage to the Aircraft caused by an engine ingestion event.

52. Coverage exists under Coverage 13, Part 3 of the Policy for physical damage to the Aircraft caused by an ingestion event.

53. The physical damage requiring the repair and/or replacement of engine ESN 12111 in October 2011 was caused by FOD.

54. Tempus Jets and Firefly have complied with all obligations under the Policy.

55. Allianz has refused to acknowledge the claim submitted by Tempus Jets and Firefly for insurance coverage under the Policy for the costs of repairing and replacing engine ESN 12111, and has otherwise failed to pay Tempus Jets for the losses it sustained and for which coverage exists under the Policy.

56. Allianz has breached the terms of the Policy by refusing to compensate Tempus Jets for the costs of repairing and replacing engine ESN 12111.

57. Allianz has refused to honor Coverage 13 of Part 3 of Policy requiring coverage for physical damage to the Aircraft caused by an ingestion event, including physical damage to an engine caused by the ingestion of a foreign object.

58. An actual controversy exists between Firefly, Tempus Jets, Jet Support Services, N618WF Inc. and Allianz regarding their respective rights and obligations under the Policy.

59. Tempus Jets seeks a declaration from the Court that (i) the Policy issued by Allianz lawfully covers the costs of each and every repair made to engine ESN 12111, as the

damage to engine ESN 12111 was caused by a covered ingestion event and resulting FOD damage to the Aircraft, (ii) Allianz breached the terms of the Policy and its obligations thereunder to Tempus Jets and (iii) Tempus Jets has suffered damages in an amount to be determined at trial, but not less than $3,321,643.34, plus pre-judgment and post-judgment interest.

WHEREFORE, Tempus Jets, Inc. prays that this Court enter an Order (i) granting judgment in its favor and against Allianz in an amount to be determined at trial, but not less than $3,321,643.34, plus pre-judgment and post-judgment interest, as a result of Allianz' breach of the Policy, (ii) declaring that Allianz has breached the terms of the Policy by refusing to acknowledge the claim for insurance coverage submitted by Tempus Jets, Inc. and Firefly Financial Limited for the repair and/or replacement of engine ESN 12111, (iii) declaring that coverage exists under the Policy for each and every instance of physical damage to engine ESN 12111 caused by a covered ingestion event, and (iv) granting Tempus Jets, Inc. such other and further relief as may be just and proper.

Respectfully submitted,

TEMPUS JETS, INC.

By: _____
Christopher M. Malone, Esq. (VSB #18678)
Jayne A. Pemberton, Esq. (VSB #47277)
William D. Prince, IV, Esq. (VSB #77209)
*Thompson*McMullan, PC
100 Shockoe Slip, 3rd Floor
Richmond, Virginia 23219
Tel: (804) 649-7545
Fax: (804) 780-1813
jpemberton@t-mlaw.com
wprince@t-mlaw.com
*Attorneys for Tempus Jets, Inc.*